**\*\* E-filed December 13, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANITA VANCIL, | No. C10-04792 HRL |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | |
| Defendant. | **[Re: Docket Nos. 21, 22]** |

In this Social Security action, plaintiff Anita Vancil appeals a final decision by the Commissioner ("defendant") denying her application for disability insurance benefits. Presently before the court are the parties' cross-motions for summary judgment. Vancil did not file a reply brief within the time permitted, and the matter is deemed fully briefed and submitted without oral argument. Upon consideration on the moving papers, and for the reasons set for below, plaintiff's motion for summary judgment is granted in part and denied in part; defendant's motion for summary judgment is granted in part and denied in part, and the case is remanded for reconsideration consistent with this opinion. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

**I.     BACKGROUND**

Plaintiff was 48 years old when the Administrative Law Judge ("ALJ") rendered the decision under consideration here. Administrative Record ("AR"), p. 22. Her prior work experience includes office manager, administrative assistant, and dental receptionist. AR 16, 27. She claims disability since March 8, 2005 due to back pain, inability to concentrate, and difficulty walking, standing, and sitting for more than 15 minutes at a time. AR 24, 26-27.

Plaintiff's claim was denied initially and upon reconsideration. She requested a hearing before an ALJ. In a decision dated October 24, 2008, the ALJ concluded that plaintiff was not disabled under the Social Security Act. He evaluated plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. See 20 C.F.R. § 404.1520 (2007). At step one, he found that Vancil had not engaged in any substantial gainful activity since March 8, 2005. At step two, he determined that she has "lumbar degenerative disc disease and lumbar spondylosis with history of extensive surgeries and bilateral trochanteric bursitis" and that these are "severe impairments." AR 12. But at step three, he concluded that plaintiff's impairments did not "meet or medically equal[] one of the listed impairments in 20 C.F.F. Part 404, Subpart P, Appendix 1." AR 13. At step four, he found that Vancil had the residual functional capacity ("RFC") for sedentary work, but that she is only able to stand or walk for 2 hours out of an 8-hour day and sit for 6 hours of an 8 hour day. Id. The ALJ further concluded that she could perform postural activities occasionally, balance frequently, required a cane to walk "prolonged" distances, and needed the option to sit or stand. Id. Noting the inconsistencies between his findings and the testimony of plaintiff and her treating physician, the ALJ explained that those testimonies were "not credible" insofar as they contradicted the plaintiff's activity level and his RFC finding. AR 15. At step five, the ALJ found that Vancil was capable of performing past relevant work as an administrative assistant or dental receptionist. AR 16.

The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

**II.    LEGAL STANDARD**

Pursuant to 42 U.S.C. 405(g), this court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported

by substantial evidence or if it is based upon the application of improper legal standards. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Drouin, 966 F.2d at 1258.

### III. DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds: (1) the ALJ rejected the opinion of plaintiff's treating physician without a legitimate basis; (2) he failed to credit plaintiff's testimony regarding the nature and extent of her disability; and (3) his finding is at odds with the hypothetical question posed to the Vocational Expert ("VE"). Defendant asserts that the ALJ's decision was supported by substantial evidence and is free of legal error.

#### A. Plaintiff's Testimony

Plaintiff alleges that the ALJ failed to credit her testimony about the nature and extent of her functional limitations. Dkt. No. 21, p. 22. She also argues that the ALJ impermissibly discredited her assertions about her level of pain "because he did not believe her impairments produced the degree of symptoms alleged." Id. at 25.

Once a claimant produces objective medical evidence of an underlying impairment, the ALJ may reject a claimant's subjective complaints only if he makes specific findings that are supported by the record. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir.1991). "These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11 Cir. 1991)). Where a claimant produces objective

medical evidence of an underlying impairment, and absent affirmative evidence that a claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Regenitter v. Comm'r of the Soc. Sec. Admin., 166 F.3d 1294, 1296 (9th Cir. 1999) (citing Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)). If a credibility finding is supported by substantial evidence in the record, the court may not engage in second guessing. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

In this case, the ALJ found that plaintiff has "severe impairments," but discredited her allegations as to the "intensity, persistence and limiting effects" of her symptoms. AR 15. The undersigned has considered the claimant's allegations of disabling pain and limitation pursuant to Social Security Ruling 96-7p and the Regulations (20 CFR §404.1529 and 20 CFR § 416.929). After carefully considering all of the medical and documentary evidence, the court finds that there is a significant discrepancy between the plaintiff's assertions and the ALJ's findings with respect to plaintiff's functional limitations.

The ALJ heard claimant's testimony that she has "severe, chronic pain," that she cannot sit, stand, or walk for more than 10-15 minutes at a time without rest, and that she can perform most of her household chores only with assistance. AR 24-27. Vancil testified that while her doctors have recommended physical therapy, she can no longer afford to attend a gym because her insurance will not cover the cost, but that she does take a daily 10-minute walk. AR 24, 33. She further testified that pain medication "takes the edge off but doesn't take the pain completely away." AR 24.

The ALJ also reviewed the reports from treating and examining physicians, including (1) Dr. Summa's July 2006 opinion that plaintiff could not lift or carry more than 20 pounds, could not sit, stand or walk for more than 15 minutes at a time, and would likely miss more than four days of work per month due to her limitations; and (2) Dr. Brown's evaluation from April 2007 that plaintiff had pain with bending, flexion, and extension, decreased range of motion, tenderness upon palpitation, but had an "excellent" prognosis for returning to work with proper physical therapy. AR 14-15. The ALJ had the opportunity to review the medical reports of at least four other physicians, though he did not specifically address all of these reports in his findings: Dr. Mendenhall, who treated the plaintiff from 1995 to 2004; Dr. Gordon, a DDS reviewing physician who conducted an

1  RFC Assessment in February of 2006; Dr. Morse, who conducted a psychological evaluation in
2  March of 2007; and Dr. Lee, who conducted a psychiatric review in April of 2007. AR 137-380,
3  413-20, 469-73, 485-95.

4        In his report, the ALJ described claimant's activities as including taking 30-minute daily
5  walks, using the treadmill and weight machines at the gym, and doing a variety of household tasks
6  such as doing laundry, cooking, shopping, and vacuuming. AR 15. These findings do not accord
7  with claimant's testimony. Instead, it appears that the ALJ cobbled together certain portions of
8  claimant's testimony with some of the most optimist treatment notes from Dr. Summa and Dr.
9  Brown. In addition, the ALJ seems to have been mistaken about the length of claimant's daily walk,
10 which she testified was only ten minutes long. As a result of these findings, the ALJ discredited
11 plaintiff's testimony about her level of pain and functional limitation.

12       The ALJ gave sufficiently specific reasons for discrediting the plaintiff's testimony, but
13 these are not clear and convincing, nor are they supported by substantial evidence. An ALJ may use
14 a claimant's activities as grounds for an adverse credibility finding if a claimant "'is able to spend a
15 substantial part of [her] day engaging in pursuits involving the performance of physical functions
16 that are transferrable to a work setting.'" Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting
17 Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). But such findings must be supported by
18 substantial evidence. Such evidence is lacking where, as here, the ALJ misconstrues the claimant's
19 activities. The court finds that the ALJ's finding about the plaintiff's activity level was not
20 supported by substantial evidence, and his reason for rejecting her testimony, while specific, was not
21 clear and convincing. Accordingly, on the issue of whether the ALJ properly interpreted the
22 claimant's testimony and other evidence about her activities, the plaintiff's motion is granted and
23 the defendant's motion is denied.

24       Plaintiff also argues that her testimony regarding the efficacy of her pain medication should
25 not have been used to discredit her assertions about her level of chronic back pain. Dkt. No. 21, p.
26 23. After review of her testimony, the court finds that the ALJ made a reasonable finding as to her
27 level of pain. While the record might be subject to more than one rational interpretation, based upon
28 review of the record as a whole, this court finds that the ALJ's interpretation is rational and

1  supported by substantial evidence. Accordingly, as to the issue of the ALJ's finding on the
2  plaintiff's level of pain, the plaintiff's motion is denied, and the defendant's motion is granted.

### B. The Treating Physician's Testimony

Plaintiff argues that the ALJ improperly rejected the testimony of her treating physician, Dr. Summa, without having a legitimate basis for doing so. "Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians." Smolen v. Chater, 80 F.3d 1273, 1845 (9th Cir. 1996) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989)). An ALJ may not reject a treating physician's opinion unless he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (quoting Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings.'" Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. Cal. 2008) (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

Plaintiff argues that the ALJ improperly gave her treating physician's testimony less weight than the testimony by non-examining state agency physicians. Dkt. No. 21, p. 21. Further, plaintiff argues that the ALJ failed to give "specific and legitimate reasons" for his rejection of the treating physician's testimony. Dkt. No. 21, p. 21. "The Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments." Lester v. Chater, 81 F.3d 821, 832-833 (9th Cir. Or. 1995) (citing Embrey, 849 F.2d at 422) (finding the commissioner had erred by relying on the treating physician's interim report that claimant had improved, when later reports indicated claimant had returned to a reduced function level)). An ALJ may discount a treating physician's records if they do not "mesh with [claimant's] objective data or history." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. Cal. 2008) (citation omitted). When rejecting a treating physician's opinion, the ALJ must provide "'specific and legitimate reasons' supported by substantial evidence in the record." Lester, 81 F.3d 821, 830 (9th Cir. 1996) (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ discounted Dr. Summa's testimony because "the determination of disability is reserved to the Commissioner; and [Dr. Summa's] opinion with respect to the claimant's limitations is contrary to her activities and it is not supported by his treatment notes." AR 16. The ALJ focused on treatment notes Dr. Summa made in January and May of 2006, shortly after the plaintiff's last spinal surgery, in which he found that the plaintiff was improving in her ability to walk, sit, and stand for longer periods (up to 30 minutes at a time by May, 2006). AR 15. Although he also referenced treatment notes Dr. Summa made from June 2006 to January 2007, which indicated that plaintiff's condition had deteriorated and that she had a reduced ability to walk, sit, and stand for more than a few minutes at a time (up to 15 minutes), the ALJ did not find them credible. AR 14. He also cited non-examining physician Dr. Melinda Brown's April 2007 evaluation that the plaintiff had "an excellent prognosis" for returning to work with appropriate physical therapy as proof of plaintiff's ability to do sedentary work. AR 14-15. Finally, the ALJ relied heavily on his misinterpretation claimant's testimony about her typical activity level, which he found to be inconsistent with Dr. Summa's less optimistic prognoses from late 2006 and early 2007. AR 14-15; see Part III.A, supra. The ALJ stated that "the claimant's activities are given great probative value because they demonstrate her actual functioning." AR 15. While this is a correct statement of the applicable standard, the ALJ actually mischaracterized claimant's activity level, and therefore relied on information not supported by the record. See Part III.A, supra.

Plaintiff argues that the ALJ improperly elevated the non-examining physician's testimony over Dr. Summa's. However, upon review of the record, the court feels that the ALJ actually relied much more heavily on his understanding of the claimant's activities than on any of the physicians' reports. The court has found that the ALJ's interpretation of the claimant's activities was not supported by substantial evidence on the record. Therefore, his use of that interpretation to discredit the treating physician's testimony is similarly flawed. While an ALJ may reject a treating physician's notes if they are inconsistent with claimant's actual history, he must also provide "specific and legitimate" reasons, supported by substantial evidence, for this rejection. Here, the undersigned finds that the ALJ did provide a specific reason for discounting Dr. Summa's testimony: his finding that claimant's activity level contradicted Dr. Summa's latest prognosis.

7

1  However, his reason for discounting Dr. Summa's testimony and most recent treatment notes was
2  not legitimate because it was based on an incorrect interpretation of the claimant's actual activities.
3        If the ALJ has specific and legitimate reasons for discrediting Dr. Summa's testimony and
4  most recent treatment notes, he must clarify these on remand. On this issue, the plaintiff's motion is
5  granted and the defendant's motion is denied.

      C.  The VE's Testimony

      Plaintiff argues that the ALJ failed to credit the VE's testimony despite the fact that the hypothetical questions posed by the plaintiff's attorney accurately depicted Vancil's condition. Plaintiff further says that the ALJ failed to set out the particular limitations and restrictions of the claimant when he examined the VE. Dkt. No. 21, p. 27. Hypothetical questions posed to a vocational expert must set out all the limitations and restrictions of the particular claimant. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). "The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record." Desrosiers v. Sec'y Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual functional working capacity has no evidentiary value." Embrey, 849 F.2d at 422.

      Here, when the ALJ examined the VE, he posed the hypothetical of "a person of claimant's age, education and past work experience. At the sedentary exertion level, occasional posturals although frequently able to balance. And needing to change position from time to time due to the back pain." AR 30. When the ALJ asked the VE whether such a person could go back to the claimant's past relevant work, the VE answered that she could return to a DOT 237.367-038 (dental receptionist position) or 169.167-010 (administrative assistant position). Id. When the plaintiff's attorney examined the VE, he added the following limitations to the hypothetical: "she is limited to sitting at one time for 15 minutes, limited to standing for 15 minutes at one time;" limited to "sitting, standing, walking less than two hours" in an eight-hour day; and "would frequently need to take unscheduled breaks, up to 15 minutes at a time." AR 31. Given these added limitations, the VE testified that the claimant would be unable to return to any sedentary work, and would need "special accommodation kind of situations where a potential employer would bend over backwards . . . to

accommodate her." Id. Here, in light of the emphasis in the hearing testimony and medical records to the specific number of minutes the plaintiff was able to walk, sit, or stand without pain, rest, or needing to change positions, the ALJ's hypothetical is vague and does not accurately set out the limitations and restrictions of the claimant. There is even a question, given the varying reports by the treating and examining physicians, and plaintiff's testimony, whether even plaintiff's attorney's hypothetical is completely accurate.

The ALJ has an affirmative duty to inquire into any conflicts between the VE's testimony and the DOT classifications, and to obtain a "reasonable explanation" for any conflicts. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir.2007). If the ALJ fails to take these steps, the court cannot determine whether the ALJ properly relied on the VE's testimony. Id. at 1153-54. It appears from the hearing transcript that the ALJ made no effort to clarify the VE's testimony to determine which of the two hypotheticals accurately described plaintiff's limitations and restrictions. He also did not clarify whether the claimant could perform either of the DOTs the VE had listed in light of her specific limitations and restrictions. Accordingly, the court finds that the VE's testimony is too vague and ambiguous to provide expert testimony of the claimant's RFC. Accordingly, as to this issue, the plaintiff's motion is granted and the defendant's motion is denied. Remand is required.

### D. Plaintiff's Request for Remand for Immediate Payment of Benefits

Plaintiff requests that this matter be remanded for immediate payment of benefits, only in the alternative seeks further administrative proceedings. Dkt. No. 21, p. 27. This court does not find it appropriate to remand for immediate payment of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004) (remand for immediate payment of benefits is reserved for "rare circumstances" where there are no outstanding issues to be resolved and it is clear from the record that the claimant is entitled to benefits).

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's motion for summary judgment is GRANTED IN PART AND DENIED IN PART;

2. Defendant's cross-motion for summary judgment is GRANTED IN PART AND DENIED IN PART;

3. The matter is REMANDED for further proceedings consistent with this opinion; and

4. The Clerk of the Court shall close the file.

Dated: December 13, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-04792 HRL Notice will be electronically mailed to:**

Bess M. Brewer               besshelena@earthlink.net
Shea Lita Bond               shea.bond@ssa.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**